IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN CAMPBELL,** | ) |
| Plaintiff, | ) |
| V. | ) Civil No. **00-64-CJP** |
| **JOAN FRANK, and** | ) |
| **MIKE FISHER**, | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendants Joan Frank and Mike Fisher's "Renewed Motion for Judgment as a Matter of Law," filed post-trial in accordance with Federal Rule of Civil Procedure 59. **(Doc. 106).** Also before the Court is plaintiff Kevin Campbell's memorandum in opposition. **(Doc. 109).**

Plaintiff Kevin Campbell is in the custody of the Illinois Department of Corrections and incarcerated at all relevant times at the Pinckneyville Correctional Center. Pursuant to 42 U.S.C. § 1983, plaintiff brought suit against defendant Joan Frank, the prison dietary manager, and Mike Fisher, the prison dietary food supervisor, for injuries sustained February 23, 1999, when plaintiff was allegedly ordered to carry a 50 gallon trash can in derogation of a doctor's order limiting plaintiff to light duty. **(Doc. 6).** Plaintiff alleged that he injured his back, head and neck, and he ultimately sought medical attention and received an injection for his pain. Plaintiff alleged that Frank and Fisher were deliberately indifferent to a substantial risk of serious harm to plaintiff's health or safety, in violation of the Eighth Amendment. Plaintiff sought damages for back pain, headaches and related complications. **(Doc. 6; Doc. 43, p. 3; Doc. 100, p. 4).**

1

The jury was instructed that if they found in favor of plaintiff, but there were no compensatory damages, then a verdict in the amount of one dollar should be rendered. **(Doc. 100, p. 22).** A jury found in favor of plaintiff and against both defendants, awarding plaintiff $1.00 (consistent with an instruction about nominal damages), and no punitive damages. **(Doc. 97).** On January 18, 2007, judgment was entered accordingly. **(Doc. 101).** The subject motion was filed January 31, 2007, in accordance with the ten-day time period allotted under Rule 59.

## Issues Presented

Defendant Fisher admitted ordering plaintiff to lift the garbage can, but he denied being aware of a light duty work order. However, now Fisher acknowledges evidence was presented supporting the claim that Fisher was aware of the medical determination that plaintiff could not perform heavy lifting, thereby creating a question of fact for the jury. Defendant Frank had no memory of the incident.

1. When deliberate indifference to harm is alleged, a plaintiff must suffer actual harm in order to be entitled to nominal damages; and

2. Defendants are entitled to qualified immunity, in that the right to nominal damages for fear of harm that never materializes is not clearly established.

**(Doc. 106).**

## Applicable Legal Standards

Federal Rule of Civil Procedure 59(a) provides that in any action where there has been a jury trial, a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." That language has been interpreted to mean that a district court may grant a new trial only if the jury's verdict was against the manifest weight of the evidence, or a new trial is necessary to prevent a miscarriage

of justice. *See Romero v. Cincinnati, Inc.,* 171 F.3d 1091, 1096 (7th Cir.1999); *Lonsdorf v. Seefeldt,* 47 F.3d 893, 897 (7th Cir.1995); *Sokol Crystal Products, Inc. v. DSC Communications Corp.,* 15 F.3d 1427, 1432 (7th Cir.1994). "'[W]e will not set aside a jury verdict if a reasonable basis exists in the record to support that verdict. . . .' The evidence must be viewed in the light most favorable to the prevailing party and issues of credibility and weight of evidence are within the purview of the jury." *Carter v. Chicago Police Officers,* 165 F.3d 1071, 1079 (7th Cir.1998)(quoting and citing to *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1407 (7th Cir. 1991)). The decision whether to grant a motion for a new trial is within the trial court's discretion. *Neal v. Honeywell, Inc.,* 191 F.3d 827, 831 (7th Cir.1999).

<u>Analysis</u>

Citing *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996), *Doe v. Welborn*, 110 F.3d 520 (7th Cir. 1997), and *Calhoun v. DeTella*, 319 F.3d 936 (7th Cir. 2003), defendants Frank and Fisher argue that liability cannot be sustained for an Eighth Amendment violation for deliberate indifference to safety, and nominal damages are inappropriate, if no actual harm is ever suffered by the plaintiff.

It was well established prior to the 1999 incident at issue that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). The prison official must act or refuse to act with "deliberate indifference to inmate health or safety," meaning he must know of and disregard an excessive risk to inmate health or safety. *Id.* **at 835-837.** The test for deliberate indifference is subjective: the official must be aware of the facts that

3

permit the inference of a "substantial risk of serious harm," and the official must draw the inference. *Id.* **at 837.**

Relative to the damages issue, in *Carey v. Piphus*, 435 U.S. 247 (1978), the Supreme Court held that the denial of procedural due process is actionable for nominal damages without proof of actual injury. *Id*. **at 266.** The high court noted that a number of lower federal courts had permitted nominal damages for constitutional violations in the absence of actual injury.[1] *Id*. **at 266  FN 24.** The Supreme Court explained that the right to procedural due process is an "absolute" right of such importance that it should be actionable for nominal damages without actual injury. *Id*. **at 266.**

> By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those right[s] be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.

*Id.* Consequently, the plaintiffs in *Carey* were permitted to recover nominal damages for the procedural due process violation, regardless of whether the underlying suspensions from school were justified. *Id.* **at 266-267.**

In *Babcock v. White*, the Court of appeals for the Seventh Circuit specifically asked: what harm must befall a plaintiff in an Eighth Amendment "failure to protect" scenario to warrant monetary damages?  In dicta, the appellate court recognized that– consistent with

---

[1]One of the lower court cases cited was *Magnett v. Pelletier*, 488 F.2d 33 (1st Cir. 1973), which was a Section 1983 action for an apparent Fourth Amendment violation involving search and assault where no physical or emotional damage was found.

*Carey*– a possible answer was that nominal damages could be presumed, but that result was considered inappropriate in the Eighth Amendment context. **Babcock, 102 F.3d at 271.** The court distinguished the "absolute" right to procedural due process, which does *not* depend on the merits of the substantive assertions, from the Eighth Amendment right to protection. *Id.* The appellate court believed that only the reasonably preventable assault, not the fear of assault, gives rise to a compensable Eighth Amendment claim. I*d. at 272.* In any event, the court honed in on the particular factual distinctions in *Babcock*– there was a psychological injury stemming from a failure to prevent e*xposure* to a risk of harm that was present, as opposed to the failure to prevent actual harm that in *Farmer* and *Carey*. *Id.*

In 1997, in *Doe v. Welborn*, 110 F.3d 520 (7th Cir. 1997), the Court of Appeals for the Seventh Circuit, relying on *Babcock*, stated that a condition precedent for an Eighth Amendment "failure to protect" claim is proof of actual damages. *Id. at 523.* The appellate court recognized that injury is ordinarily physical and obvious, but not always. *Id.* What harm is necessary for an Eighth Amendment claim depends upon the claim at issue; "excessive force" claims need not allege significant injury, while "conditions of confinement" claims require extreme deprivations. *Id.* at 524. A "failure to protect claim" is a type of "conditions of confinement" claim. **See Wilson v. Seiter, 501 U.S. 294, 303 (1991);** *see also Farmer***, 511 U.S. 825.** As in *Babcock*, in *Doe* the feared harm never materialized– the plaintiff was never assaulted and the harm was purely psychological, in the form of fear. **Doe, 110 F.3d at 524.**

In 2003– after the events at issue in this case occurred– the Court of Appeals for the Seventh Circuit stated in *Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003), that a violation of the Eighth Amendment right to be free from cruel and unusual punishment, standing alone, is

5

a cognizable injury subject to an award of nominal or punitive damages.  The appellate court recognized that nominal damages are not compensation for loss or injury, but rather represent a violation of a right.  *Id.*   The *Babcock* decision was characterized as dicta, and described as contrary to the court's "long ago decided" line of precedents holding that, at a minimum, nominal damages were available for constitutional violations in general, and Eighth Amendment violations with no actual compensable harm.  *Id.* **at 941-942 (citing cases predating the events at issue in this case).**

Defendants acknowledge that *Calhoun* limited *Babcock* and *Doe,* in that a plaintiff who proves a constitutional violation is entitled to nominal damages.  However, defendants observe that the plaintiff in *Calhoun* at least had psychological damages, unlike plaintiff Campbell.  Defendants view the case at bar as fitting into a narrow area unaddressed by *Carey*, *Babcock*, *Doe* and *Calhoun*, where the harm never materializes and there are no physical, mental or emotional injuries.  Defendants completely ignore that the events in the case at bar went a step farther than those in *Babcock* and *Doe*.  Viewing the evidence in the light most favorable to plaintiff, who was the prevailing party, the defendants in the case at bar did subject plaintiff to the risk of serious injury when plaintiff was directed to perform a duty contrary to his medical limitations, even though the degree of injury was by all accounts minimal, and plaintiff claimed some degree of physical injury.  **(*See* Doc. 6; Doc. 43, p. 3; Doc. 100, p. 4).**  There was evidence that the risk materialized.  Defendants base their motion on the assumption that nominal damages were awarded because there was no injury whatsoever.

Nominal damages may be appropriate where a jury concludes evidence of injury was not

credible or inadequately substantiated, or insufficient to justify with reasonable certainty a more substantial measure of damages.  *See Briggs v. Marshall*, **93 F.3d 355, 360 (7th Cir. 1996).** Plaintiff did claim a minimal degree of physical injury.   Therefore, the preclusive principles discussed in *Babcock* and *Doe* are inapplicable.  Rather, *Carey* and *Calhoun* control, both permitting an award of nominal damages for constitutional violations where there was no compensable harm.

The defendants' related argument regarding qualified immunity warrants little additional discussion.  Qualified immunity shields officers from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).**  As discussed above, the principles enunciated by the Supreme Court in *Carey* in 1978 are applicable.  Although the decision in *Calhoun* was issued by the Court of Appeals for the Seventh Circuit in 2003, after the events at issue, the appellate court made clear that it had long adhered to the principles stemming from *Carey*.  *Babcock* and *Doe* are simply not applicable.  Only the defendants' wishful thinking can make this factual scenario fall within the narrow, gray area left by *Carey*, *Babcock*, *Doe* and *Calhoun* regarding a scenario where no harm has materialized and there is also no physical, mental or emotional damage.  Defendants are ignoring that there need only be a reasonable basis in the record to support that verdict, and the evidence is viewed in the light most favorable to the plaintiff.

**IT IS THEREFORE ORDERED**, for the aforestated reasons, defendants Joan Frank

and Mike Fisher's "Renewed Motion for Judgment as a Matter of Law" **(Doc. 106)** is **DENIED** in all respects.

    **IT IS SO ORDERED.**

    DATED:  September 25, 2007        <u>s/ Clifford J. Proud</u>
                                                                **CLIFFORD J. PROUD**
                                                                **U. S. MAGISTRATE JUDGE**